Argued February 19, affirmed March 9, 1915.

## DUFF *v.* RIGGS.*

(146 Pac. 827.)

**Release—Personal Injuries—Release of Claim for Damages—Effect.**

1.   A release by plaintiff sustaining personal injuries of his claim against defendant, for damages therefor, executed without any fraud, attempted or practiced on him, but fairly made, defeats an action against defendant, who has complied with the release, though the injuries to plaintiff were more serious than anticipated.

[As to consideration for release of claim for damages for personal injuries, see note in 107 Am. St. Rep. 615.]

**Appeal and Error—Harmless.Error—Errors not Affecting Result.**

2.   Where a defense to an action was clearly established, errors must be disregarded, and the judgment for defendant must be affirmed in accordance with Article VII, Section 3, of the Constitution, as amended (see Laws 1911, p. 7.)

---

*For cases passing upon effect of mistake regarding the extent of injuries for which a release has been given, see notes in 11 L. R. A. (N. S.) 201, and 48 L. R. A. (N. S.) 449.

From Multnomah: HENRY E. MCGINN, Judge.

Department 1. Statement by Mr. Justice McBride.

This is an action by H. H. Duff against Frank C. Riggs to recover damages for personal injuries. That part of the complaint which describes the alleged negligent acts of defendant is as follows:

"That at Portland, Oregon, on the 30th day of December, 1912, the plaintiff was crossing Nineteenth Street at its intersection with Couch Street when the defendant, driving an automobile on said Nineteenth Street and going in a southerly direction, operated and drove such automobile in a negligent, careless and reckless manner, in that the same was driven at an excessive and dangerous rate of speed on the wrong side of the street and without proper lights, and while being so carelessly and negligently and recklessly operated and driven by the defendant, and without any warning by and on the part of defendant, the said automobile was driven against, upon and over the plaintiff, throwing him violently to the pavement."

The complaint alleges that, as a result of the injuries, plaintiff has suffered the loss of a leg, permanent impairment of the use of his right arm, and other injuries which will cause continued pain, and has otherwise suffered great pain and anguish. The defendant answered, admitting the collision, and that plaintiff was injured thereby, but otherwise denying all the allegations of the complaint. The answer set up contributory negligence of plaintiff, and further pleaded a release by plaintiff of all claims for damages resulting from the accident, and alleged that defendant had complied with all its requirements. A reply put in issue the new matter alleged in the answer. There was a verdict for defendant, and plaintiff appeals. Upon the trial the alleged release was shown to plaintiff, who admitted having signed it, and

it was offered and admitted in evidence, reading as follows:

"Whereas, on December 30, 1912, there was a collision on 19th and Couch Streets, between an automobile belonging to Frank C. Riggs and Mr. H. H. Duff, at which time Mr. Duff was injured, his leg being broken, and receiving other bruises and injuries, and, whereas, said Riggs, in consideration of the said H. H. Duff waiving all claims for damages against him by reason of said accident, the said Frank C. Riggs, in consideration of said releasing of said claim for damages, agrees: To pay the doctor's fees incurred on account of said accident, and hospital fees and nurses' bills, and the said H. H. Duff, on account of the said Riggs agreeing to pay for said services herein mentioned, hereby releases the said Riggs on account of any claim for damages that he may have against him in any way on account of said accident hereinabove referred to, and it is understood by the signing of this release and acknowledgment by the parties hereto that the said Riggs does agree to take care of said H. H. Duff's doctor's fees for the setting of his broken leg and looking after the other injuries on account of said accident; it being understood the said Riggs will pay said doctor's bill, hospital fees and nurses' fee up to and including the time he shall be discharged from said hospital by his attending physician.

"H. H. DUFF.     [Seal.]<br>"FRANK C. RIGGS.     [Seal.]

"Witnessed by MYRTLE DUFF."

Other facts appear in the opinion.     AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. J. C. Simmons.*

For respondent there was a brief over the names of *Messrs. Giltner & Sewall* and *Messrs. Wilber, Spencer & Beckett,* with oral arguments by *Mr. R. R. Giltner* and *Mr. Schuyler C. Spencer.*

Mr. Justice McBride delivered the opinion of the court.

1. The release is general in its nature and covers all claims for damages arising out of the injury, and not only contemplated the payment of such expenses as had already been incurred, but all future expenses which might be incurred up to the time he should be discharged from the hospital. There is no allegation of fraud or mistake in the execution of the instrument, and, when plaintiff filed his reply, he must, in the very nature of things, have known that he had executed the release and been aware of its contents. The case at bar differs from the case of *Bliss* v. *New York Cent. etc. R. R. Co.,* 160 Mass. 447 (36 N. E. 65, 39 Am. St. Rep. 504), in this: In that case there was testimony tending to show that plaintiff had received a serious shock in a railway accident, from which he was dazed and rattled in his mind, and that while he was in this condition, with the marks of the injury visible upon his person, about an hour and a half after the accident, and in the office of the defendant's superintendent, the defendant's agent prepared two papers for him to sign, telling him that one paper was a receipt for money that was then paid him for injury to his clothing, and that the other was merely a form; and that he signed both papers without reading them or knowing their contents. In that case the court said:

"It is plain that the plaintiff's release and receipt do not in themselves stand in the way of his maintaining the action. * * * They must now be assumed to have been obtained from him by fraud."

Here the evidence discloses no fraud attempted or practiced. The release as first prepared was examined by him, and he objected to some of its terms, which were changed at the instance of an attorney

selected either by himself or his daughters, who were assisting to care for him, and after his daughter had explained it to him he signed it. Defendant testifies that he was present when the paper was signed and talked with plaintiff for half an hour, and that he was perfectly rational and his mind clear; and neither the plaintiff nor his daughter contradicted this testimony. The testimony is overwhelming that the release was fairly made, and the defendant has complied with all its terms, paying out $2,018 for nurses, surgical attendance and medicines. The fact that the results of the accident turned out more serious than defendant might have anticipated does not alter the legal condition in the least. Everybody knew that plaintiff's condition was serious; in fact, he himself was of the opinion at first that he was not likely to survive his injuries. The testimony relating to the accident discloses a state of facts upon which a jury might have found in his favor in a large sum, or, in view of the evidence as to his contributory negligence, they might have found for the defendant, and left him a cripple, with $2,018 of bills for himself or his family to pay. In the absence of the slightest evidence of fraud or undue advantage, we should not, in any event, be justified in reversing this judgment. The rulings of the lower court seem to have been eminently fair and very favorable to the plaintiff. Every fact went to the jury, and it returned a unanimous verdict for the defendant.

2. Even if there should be some slight error in the instructions, we should be fully justified, and it would be our duty to say that the defense of a release had been so thoroughly made out that the verdict and judgment were such as should have been rendered and affirm the judgment in accordance with Section 3, Article VII, of our amended Constitution. Being thor-

oughly satisfied upon this branch of the case, the other matters presented become mere moot questions, which it is unnecessary to consider.

The judgment is affirmed.          AFFIRMED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BURNETT and MR. JUSTICE BENSON concur.